## CHASE *v.* SULLIVAN RAILROAD.

## JONES *v.* SULLIVAN RAILROAD.

An appeal, under the act of December 25, 1844, section 5, by one whose land has been taken for the use of a railroad, need not describe the land so taken.

The corporation is the proper party defendant to such a proceeding.

The appeal is not vitiated by reason of its containing a protest of the petitioner against the whole proceedings as illegal and void.

PETITION. Chase, one of the petitioners, alleged that, upon the application of the Sullivan Railroad Company, the railroad commissioners, by the direction of the governor and council, and in pursuance of an act entitled, &c., had laid out a railroad, which passed over the land of the petitioner; that the railroad commissioners, in conjunction with the road commissioners of the county, had assessed the damages sustained by the petitioner at four hundred 'dollars, with which assessment the petitioner being dissatisfied, claims an appeal. Jones' petition is to the same effect, but gives a description of his land, and protests against the proceedings as illegal and void.

The defendants objected to each petition, substantially as follows: 1. It does not appear, from the petition or otherwise, that the petitioner has any legal right to claim, or to prosecute the company, for further damages. 2. It does not appear that the proper parties respondents are all before the court. 3. The petition of Jones does not describe the land nor the title, and reserves the right, after recovering damages, to deny the validity of the proceedings.

*Leland,* for Jones.

*Flanders,* for Chase.

*Cushing, Freeman & Fuller,* for the defendants.

WILCOX, J.   This is an appellate proceeding.   The defendants have caused the appellant's land to be taken for the construction of a railroad, and damages for the same have been awarded him.   He takes an appeal from that award, claiming, not to recover for other land, but simply a larger amount of damages for the same land. The return of the laying out of the road of course describes the land taken, and for which damages were awarded to the appellant.   It does not seem necessary, therefore, for the appellant to describe the lands, or his interest in them, more particularly than he has done.   The land is described as the land taken for the railroad, and by that reference is sufficiently identified ; and there is a general allegation that it is the appellant's land, which is sufficient in this proceeding.   In trespass it is sufficient to allege that the defendant broke and entered the plaintiff's close.

It is said that the railroad company are not the proper parties to this proceeding ; that as, by the statute, the damages are to be paid by the railroad commissioners on behalf of the State, the commissioners or the State are the proper parties, and not the corporation ; that the same right of appeal is given as where land is taken for a highway, where the town pays the damages, and the town is the party.

It is further said, that in the case of highways the right of way belongs to the State, but is paid for by the town, and the appeal is against the town ; that in the case of railroads, the right of way is taken by the State, and the damages paid by the railroad commissioners, and that therefore the appeal must be against them.   The railroad company are not bound to take a lease, nor can judgment be rendered against them.

It is true, that the statute provides that the damages assessed shall be paid by the railroad commissioners on behalf of the State ; but the commissioners cannot be made personally liable.   They only act as public officers,

Chase *v.* Sullivan Railroad.

and there is no mode of procedure by which they or the State can be compelled to pay the original assessment. The land cannot be taken till payment or tender by them of the damages originally assessed. An appeal is given to the land-owner for increased damages; but no way is provided by which the railroad commissioners or the State are made liable for the damages awarded on such appeal. The railroad commissioners, being public officers, and acting expressly for the public, cannot, upon ordinary principles, be held personally liable. The appellant has, therefore, no claim for his increased damages, unless it be against the railroad corporation.

In truth, the corporation is the real party to the whole proceeding. They first call out the commissioners, and procure the road to be laid out. They furnish the money to pay the damages, and by the 4th section of chapter 227 of the Revised Statutes, they are required in certain cases to give the land-owner security to pay the damages adjudged to him on his appeal. They are, also, by the same statute, made liable to an action of debt to recover the damages awarded after an entry upon the land, if the land-owner chooses to bring such an action.

All these provisions point to the railroad corporation as the real party in all cases, and as the only party bound to pay the damages awarded on appeal; and this corporation is therefore properly made a party to the appeal in these cases.

In the case of Jones, the petitioner protests that the proceedings of the company and of the commissioners are illegal and void. If the appeal and claiming the damages affirm the proceedings of the company, then this protest, being repugnant to the act, is void and of no effect. It therefore can do no injury to the defendants. The objection founded upon it, as well as the other objections, must therefore be overruled.

*Appeal granted.*